UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In. Re.                                                         No. C 07-132 SI (pr)

ANTHONY PHILLIPS,                              **ORDER OF DISMISSAL**

        Petitioner.
_____ /

        Petitioner, an inmate at the Santa Cruz County Jail, filed a "motion to initiate criminal investigation" in which he states that he would like to advise the U.S. Attorney, Secret Service and DEA "of a major corporate and drug fraud ring." He asks that the court "grant this motion or in the alternative take whatever steps this court deems necessary to remedy this situation." Petitioner had no action pending, so a new case was opened when the court received his motion.

        A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

        This court has jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." See 28 U.S.C. § 1361. However, mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other ade-

quate remedy is available. See <u>Fallini v. Hodel</u>, 783 F.2d 1343, 1345 (9th Cir. 1986). Mandamus will not issue to compel discretionary functions. <u>See id.</u> To the extent petitioner wants alleged criminal activity investigated or prosecuted, the court has no authority to make that happen. Decisions whether to investigate and prosecute, and what criminal charges to file, are decisions that rest in the prosecutor's discretion and not in the court's discretion. <u>See United States v. Batchelder</u>, 442 U.S. 114, 124 (1979). The motion is DENIED. (Docket # 1.)

To the extent petitioner wants to accomplish something else by his motion, the motion is denied because the court does not understand what he wants and the court never grants requests it does not understand. There also does not appear to be any potential jurisdictional basis for this action other than under the mandamus statute. The action is dismissed.

The action is dismissed for the separate and additional reason that petitioner failed to pay a filing fee or submit a completed <u>in forma pauperis</u> application.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: March 5, 2007

_____
SUSAN ILLSTON
United States District Judge